UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CLINTON DUDLEY, SR., ) | CASE NO. 3:07 CV 1096 |
| ) | |
| Plaintiff, ) | |
| ) | CHIEF JUDGE JAMES G. CARR |
| vs. ) | |
| ) | |
| JOHN L. EDWARDS, EXEC. DIR. ) | OPINION AND ORDER |
| UMADAOP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On April 13, 2007, pro se plaintiff Clinton D. Dudley, Sr. filed this in forma pauperis action against the following defendants: John L. Edwards, Sr., Executive Director of UMADOAOP;[1] "Board of Directors, John L. Edwards, Statutory Agent;" Rosa Turnbough, Grant Manager, Family Ties Collaboration ("Family Ties"); Renee Thompson, Project Manager-Governor's Office of Faith-Based and Community Initiative; and, Krista Rush Sisterhen, Executive Director of Governor's Office of Faith-Based and Community Initiative. Mr. Dudley alleges that the defendants violated

---

[1] Mr. Dudley does not elaborate on the meaning of this acronym.

his rights under the First, Fifth and Fourteenth Amendments when they terminated his services with Family Ties. He asserts this court's jurisdiction pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and seeks declaratory and injunctive relief, as well as unspecified compensatory damages and $1.2 million in punitive damages.

## BACKGROUND

Mr. Dudley describes himself as a "collaboration member of the Family Ties Grant Project," which was awarded a grant in the amount of $482,468.00 from the Governor's Office of Faith-Based and Community Initiative on May 9, 2006 in Columbus, Ohio. Plaintiff held the position of "Healthy Marriage Facilitator" for Family Ties. (Compl. at ¶12.)

On or about June 18, 2006, Mr. Dudley and seven other individuals traveled to Atlanta, Georgia by van. During his stay in Atlanta from June 19 through June 24, 2006, he participated in classes and attended meetings related to Family Ties. He claims that the expenses he incurred for these activities totaled $800.00. Although he requested reimbursement, Mr. Dudley claims his request was systematically denied by Mrs. Turnbough, Mr. Edwards, Ms. Thompson and Mrs. Sisterhen.

At some later point, Mr. Dudley and a few other collaboration members requested that the "Lead Agency" account for the $482,468.00 grant awarded to Family Ties. Mr. Edwards allegedly became evasive in response to these inquiries. Finally, on August 4, 2006 plaintiff "served" Mr. Edwards with a "verified affidavit requesting accountability to the collaboration as a whole." (Compl. at ¶8.) Three days later, Mr. Edwards telephoned Mr. Dudley to inform him that his services would no longer be needed because "plaintiff['s] requests were annoying, and against his norms of business for any collaboration persons to question him about grant money." (Compl.

at  ¶9.)

Mr. Dudley describes Mr. Edwards as a "Fiscal Agent" who "manages the funds and is responsible for reporting to the foundation on the progress of the project." (Compl. at  ¶16.) Mr. Edwards allegedly used plaintiff's name and reputation to secure grants for Family Ties and then "unconstitutionally" dismissed him with the support of other defendants. This action was an "unlawful deprivation of Plaintiff's share of government allocations funding for the Family Ties Collaboration in Toledo, Lucas County, Ohio.  Solely because of Plaintiff's excising [sic] his basic civil right to be an equal person under the collaboration as defined by the State of Ohio." (Compl. at  ¶15.)

Mr. Dudley further contends that Mr. Edwards was attempting to cover up the fact that he was "invoicing the State of Ohio for Plaintiff and kept the government payments for himself." (Compl. at  ¶11.)  While all the defendants deny this claim, Mr. Dudley believed otherwise after reading an internet article from the "Toledo Blade" newspaper.  The article, titled "Inquiry Begun on Overseer of Faith Initiatives" and dated March 11, 2007, was written by Laura Bishop who forwarded a "zipped email package" of her research on the piece to Mr. Dudley.[2] Although none of this information is attached to the complaint, he  promises to share this information by bringing his laptop computer to court since a "zipped e-mail package cannot be printed during depositions and summary judgement [sic] against said Defendants as well as

---

[2]The article explains that Governor Ted Strickland had requested that the state inspector general and the Department of Job and Family Services investigate the Governor's Office on Faith-Based and Community Initiatives and its contract with We Care America, which was hired to manage the project.  The reporter's review of invoices, emails and other documents indicated that $15,000 had been spent to buy and install 50" television sets in the Ohio and Virginia offices, $125 monthly parking fees and $6000 was paid to commission a report indicating that Ohio's faith-based programs were be an 'example' to other states.

3

subpoena the News Reporter Ms. Bishop and said relevant documents." (Compl. at ¶14.) These documents, which include emails, invoices and letters, allegedly support Mr. Dudley's contention that Mr. Edwards was siphoning off State funds for himself which should have been paid to plaintiff.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## 42 U.S.C. § 1983

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for

---

[3] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. Baker, 443 U.S. at 140.

Mr. Dudley asserts that the defendants have deprived him of his rights under the First, Fifth and Fourteenth Amendments of the Constitution. These rights were purportedly violated when Mr. Edwards terminated plaintiff's services with Family Ties and then allegedly billed the State for Mr. Dudley's services, but failed to compensate the plaintiff. He adds that the actions of the defendants were malicious, willful, wanton and in reckless disregard of his civil rights. He fails to set forth, however, any facts that illustrate a deprivation of his rights under the First, Fifth and Fourteenth Amendments. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). While Mr. Dudley asserts that he is seeking to exercise his civil rights to "be an equal person under the collaboration," this does not invoke the protection of any constitutional amendment.

There is no statement or reference in the complaint that sets forth a colorable basis for this court's jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to

construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Accordingly, Mr. Dudley is granted leave to proceed in forma pauperis and this action is **dismissed** under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.